

**U.S. Department of Justice**

UNITED STATES ATTORNEY
DISTRICT OF NEW JERSEY

Criminal Division    Cr. 07-942 (FSH)

---

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Telephone:* *(973) 645-2700; 645-6546*
*Facsimile:* *(973) 645-3316; 645-2702*
*E-mail:*   *aidan.oconnor@usdoj.gov*

apo'c:2004R00992
ribn1832.ple.wpd

December 10, 2004

Stacy A. Biancamano
Assistant Federal Public Defender
972 Broad Street
Newark, New Jersey 07102

Re:   <u>United States v. Nilson Ribeiro</u>

Dear Ms. Biancamano:

This letter sets forth the full and complete agreement between your client, Nilson Ribeiro, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until January 10, 2005, and if a guilty plea consistent with this agreement is not entered in federal court by that date, this offer will expire.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Nilson Ribeiro to an ~~Information~~ Indictment [Not SA'd], which will charge that between in or about June 2004 and in or about August 2004, in Essex County, in the District of New Jersey, and elsewhere, the defendant, with intent to convert a trade secret, that is related to or included in a product that is produced for or placed in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will injure any owner of that trade secret, did knowingly: (1) steal and without authorization appropriate, take, carry away, and conceal, and by fraud, artifice, and deception obtain such information; (2) without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, and convey such information; (3) receive and possess such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization; and (4) attempt to commit the offenses described in (1) through (3), in violation of Title 18, United States Code, Sections 1832(a) and 2. If Nilson Ribeiro enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this

agreement, this Office will not initiate any further criminal charges against Nilson Ribeiro relating to his theft and attempted theft of trade secrets from Atlas Refinery, Inc., between June 2004 and August 2004, as charged in the Information. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Nilson Ribeiro may be commenced against him, notwithstanding the expiration of the limitations period after Nilson Ribeiro signs the agreement. Nilson Ribeiro agrees to waive any statute of limitations with respect to any crime that would otherwise expire after he signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1832 charged in the Information to which Nilson Ribeiro agrees to plead guilty carries a statutory maximum prison sentence of ten years. The charge to which the defendant agrees to plead guilty also carries a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Nilson Ribeiro is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the United States Sentencing Guidelines. The sentencing judge may impose the maximum term of imprisonment and maximum fine that are consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to Nilson Ribeiro, or as to what sentence Nilson Ribeiro ultimately will receive.

Further, in addition to imposing any other penalty on Nilson Ribeiro, the sentencing judge: (1) will order Nilson Ribeiro to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Nilson Ribeiro to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq. (3) may order Nilson Ribeiro, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, may require Nilson Ribeiro to serve a term of supervised release of at least two years and up to three years, which will begin at the expiration of any term of imprisonment imposed. Should Nilson Ribeiro be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Nilson Ribeiro may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the

statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Nilson Ribeiro by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Nilson Ribeiro's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Nilson Ribeiro agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Nilson Ribeiro from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Nilson Ribeiro waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level or its acceptance of any of the stipulations on Schedule A. Otherwise, this Office specifically

reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceedings involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Nilson Ribeiro. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or any third party from initiating or prosecuting any civil proceeding against Nilson Ribeiro.

This agreement constitutes the full and complete agreement between Nilson Ribeiro and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

By: AIDAN P. O'CONNOR
ASSISTANT U.S. ATTORNEY

APPROVED:

Luis Valentin, Chief
Violent Crimes Unit

\* \* \*

4

I have received this letter from my attorney, Stacy A. Biancamano, Assistant Federal Public Defender, I have read it *or it has been read to me in Portugese* and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the United States Attorney's Office for the District of New Jersey and me. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED TO AND ACCEPTED:

_____  
Nilson Ribeiro

2/14/08  
Date

_____  
Stacy A. Biancamano, AFPD

2/14/08  
Date

## PLEA AGREEMENT WITH NILSON RIBEIRO

### Schedule A

This Office and Nilson Ribeiro agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.

1. This Office and Nilson Ribeiro recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Nilson Ribeiro nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Nilson Ribeiro within the Guidelines range that results from the total Guidelines offense level set forth below, subject to a possible departure as set forth in Paragraph 8 below. This Office and Nilson Ribeiro further agree that with the exception of arguments regarding a departure as set forth in Paragraph 8 below, neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2007, applies in this case.

3. The applicable sentencing guideline is § 2B1.1.

   a. The Base Offense Level is six (§ 2B1.1(a)(2)) .......................... 6

   b. The intended loss involved in this offense is more than $200,000 but not more than $400,000 within the meaning of U.S.S.G. § 2B1.1(b)(2)(G) .................................................. +12

   Adjusted Offense Level .................................................. 18

4. The parties agree that Nilson Ribeiro was not an organizer, leader, supervisor or manager pursuant to U.S.S.G. § 3B1.1 and that he was not a minimal or minor participant pursuant to U.S.S.G. § 3B1.2.

5. As of the date of this letter, Nilson Ribeiro has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 (two) levels for acceptance of responsibility is appropriate if Nilson Ribeiro's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Nilson Ribeiro has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources efficiently. If

the offense level is 16 or greater, Nilson Ribeiro is entitled to an additional decrease of 1 level pursuant to U.S.S.G. § 3E1.1(b), unless Nilson Ribeiro indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

7. If the Court accepts these stipulations, the guidelines offense level applicable to Nilson Ribeiro would be fifteen (15) (the "agreed total Guidelines offense level").

8. Defendant Ribeiro reserves the right to move for a downward departure on the grounds of his alleged post-arrest rehabilitation pursuant to U.S.S.G. § 5K2.0. The government reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

9. Nilson Ribeiro knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

RIBEIRO_Schedule A_3.wpd